IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH GLOVER,

   Plaintiff,

     v.

THE MUNICIPALITY OF DEKALB
COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-1730-TWT

ORDER

This is a pro se civil rights lawsuit. It is before the Court on the Plaintiff's Motion to Amend Preliminary Report [Doc. 37], the Plaintiff's Motion for Summary Judgment [Doc. 40], and the Defendants' Motion for Summary Judgment [Doc. 41]. For the reasons set forth below, the Plaintiff's Motions are DENIED and the Defendants' Motion is GRANTED.

I. Background

This lawsuit arises out of a zoning dispute concerning the Plaintiff's liquor store. In May 2004, the Plaintiff went to the DeKalb County Planning & Development Department and applied for a building permit. (Compl. ¶ 13.) He took out a public notice in a local newspaper declaring his intention to open a liquor store. (Compl., Ex.

1.) And he went to the DeKalb County Finance Department and applied for a business license and an alcohol license. (Compl. ¶ 14.) After a final inspection, the Planning & Development Department granted him a building permit, and the Finance Department granted him a business license and an alcohol license. (Id. ¶ 15.) His liquor store, the Rockbridge Package Store, was open for business.

Within a few years, however, some in the local community became opposed to the Rockbridge Package Store. Mountain Oaks is a subdivision near the Rockbridge Package Store. In January 2007, the Mountain Oaks Homeowners Association held a meeting to discuss concerns about the Plaintiff's efforts to open a skating rink next to the Rockbridge Package store. (Id. ¶ 16.) At the meeting, members expressed concerns about whether the proposed skating rink would violate zoning ordinances, and the effect on the neighborhood of opening a skating rink next to a liquor store. (Compl., Ex. 2.) The Plaintiff and the Defendant Patrick Ejike, Director of the Planning & Development Department, were both at the meeting. (Compl. ¶ 16.) At some point later, some members of the Homeowners Association presented Ejike with information that the Rockbridge Package Store was in violation of the DeKalb County Code. (Pl.'s Reply to Defs.' Mot. for Summ. J., at 37.) In February 2007, Ejike held a meeting at his office to try to resolve the Homeowners Association's concerns. (Compl. ¶ 17.) At the meeting, members again expressed concerns about the skating

rink and also demanded that the Rockbridge Package Store be closed down. (Id. ¶ 18.) The Plaintiff was at the meeting. He agreed to make some changes to the skating rink, but objected to the demands that the Rockbridge Package Store be closed down. (Id.)

DeKalb County eventually acted on the concerns of the Mountain Oaks Homeowners Association. In July 2007, Ejike sent a letter to the Plaintiff. (Id. ¶ 19.) In the letter, Ejike stated that the Rockbridge Package Store was doing business without a Certificate of Occupancy and was in violation of a zoning ordinance that requires liquor stores to be housed in a planned shopping center of at least 10,000 square feet. (Compl., Ex. 3.) Ejike also stated that the Plaintiff "must cease occupancy immediately" and "[f]ailure to do [s]o will result in citations." (Id.) After receiving the letter from Ejike, the Plaintiff hired an attorney. (Id. ¶ 20.) On the advice of his attorney, the Plaintiff kept the Rockbridge Package Store open. (Id.) From August through October 2007, the Defendant Jerry Silver, an investigator with the Planning & Development Department, issued the Plaintiff twelve citations for violations of the DeKalb County Code. (Id.) In November 2007, the Plaintiff's attorney negotiated a plea agreement with DeKalb County, which the Plaintiff accepted. (Id. ¶ 21.) At his sentencing, the Recorders Court of DeKalb County stated that:

> [Kenneth Glover] was represented by legal counsel and freely and knowingly entered a plea of guilty to the above-styled citations. The County and [Glover] discussed the areas of non-compliance extensively and tendered a negotiated plea to the Court.
> It is determined that [Glover] is not authorized to operate a retail package store at his present location because said Store violates the existing zoning [ordinances] of the County. Said store is operated illegally at said location because the current zoning category at the location does not permit the operation of a retail liquor or package store.

(Compl., Ex. 4.) Pursuant to the terms of the plea agreement, the Recorders Court ordered the Plaintiff to pay a fine of $1,000 for each citation, immediately cease operation of the Rockbridge Package Store, and surrender his business license. (Id.)

Unhappy that he had to close down the Rockbridge Package Store, the Plaintiff decided to open a convenience store at the same location. In December 2007, just as he did for the liquor store, the Plaintiff applied for a building permit, business license, and alcohol license. (Compl., Ex. 5.) The Planning & Development Department granted him a building permit, and the Finance Department granted him a business license. (Id.) But, while the application for an alcohol license was pending, the Defendant Burrell Ellis, then a member of the DeKalb County Board of Commissioners, wrote a letter to the Finance Department. (Compl. ¶ 23.) In the letter, Ellis stated that "I am requesting that [Kenneth Glover's] application for license be denied based on a previous pattern of disregard and past noncompliance to DeKalb Zoning requirements." (Compl., Ex. 6.) Ellis explained that:

> In the past year, my office has received numerous complaints from the Mountain Oaks Homeowners Association and the Rockbridge Deshon Coalition against Mr. Glover and the operation of his current business, Rockbridge Package Store, at the same location of the proposed convenience store. The package store is closing effective December 25 as a result of a sentencing order (attached) prompted by 12 citations issued by DeKalb County for noncompliance of zoning requirements. As a result, his current business and liquor license must be surrendered. Acting as an advocate on behalf of the communities I represent and who have been aversely impacted by the presence of the Rockbridge Package Store, I feel that no further nuisance or undue burden should be placed on their quality of life as tax paying citizens of DeKalb County.

(Id.) The Finance Department ultimately denied the Plaintiff's application for an alcohol license. (Compl. ¶ 24.) Without an alcohol license, the Plaintiff decided against opening the convenience store and eventually sold the property. (Id.)

This lawsuit followed. In May 2008, the Plaintiff, representing himself, filed suit against DeKalb County, Georgia, Patrick Ejike, Burrell Ellis, Yolanda Henderson, the Mountain Oaks Homeowners Association, Jerry Silver, and Michael Swain. The Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his due process, Eighth Amendment, and equal protection rights, and for contributory negligence and defamation. The Plaintiff also asserts claims under 42 U.S.C. § 1985 for conspiracy to deprive him of his equal protection rights. In a previous order, the Court dismissed the Plaintiff's claims against the Mountain Oaks Homeowners Association and two of its members, Yolanda Henderson and Michael Swain, for failure to state a plausible claim for relief and lack of subject matter jurisdiction. [Doc. 33]. The Plaintiff and

the Defendants now both move for summary judgment on the claims against the remaining Defendants. The Plaintiff also moves to amend the Joint Preliminary Report and Discovery Schedule.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non movant. Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-159 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

The Court will discuss each of the Plaintiff's claims separately. Because the Court ultimately concludes that the Plaintiff has not presented evidence to support his claims, it is not necessary to discuss the Defendants' defenses of qualified and official immunity.

A.  Due Process

The Plaintiff says that his due process rights were violated because Ejike's letter was a final decision and no court "determined that he was in fact in violation of any ordinances." (Pl.'s Reply to Defs.' Mot. for Summ. J., at 12.) But there is no evidence in the record to support the Plaintiff's allegations. Ejike's letter was not a final decision. It was notice that the Rockbridge Package Store was in violation of the DeKalb County Code and continued operation would result in citations. Instead of contesting the citations, which he was entitled to do, the Plaintiff accepted a plea agreement. See Horton v. Board of County Comm'rs, 202 F.3d 1297, 1300 (11th Cir. 2000) ("[T]he process a state provides is not only that employed by the . . . governmental entity whose action is in question, but also includes the remedial process state courts would provide if asked."). At his sentencing, the Recorders Court stated that "[i]t is determined that [Glover] is not authorized to operate a retail package store at his present location because said Store violates the existing zoning [ordinances] of the County." (Compl., Ex. 4.) The Plaintiff says that he only accepted the plea agreement because of bad advice from his attorney. But, even if true, that is between the Plaintiff and his attorney. It does not show that the Defendants violated the Plaintiff's due process rights. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1983 due process claims.

B.  <u>Eighth Amendment</u>

The Plaintiff says that his Eighth Amendment rights not to be subject to excessive fines or cruel and unusual punishment were violated because he was "unlawfully subjected to undue depression, stress, duress, unlawful loss of property lease revenue, unlawful loss of established business revenue, unlawful squandering and loss of extensive finances." (Compl. ¶ 35.) But there is no evidence in the record that the Plaintiff was subjected to excessive fines or cruel and unusual punishment. For repeated violations of the DeKalb County Code, the Recorders Court ordered the Plaintiff to pay a fine of $1,000 for each citation, immediately cease operation of the Rockbridge Package Store, and surrender his business license. This punishment was proportionate to the Plaintiff's violations. <u>See</u> <u>United States v. Bajakajian</u>, 524 U.S. 321, 336 (1998) (<u>citing</u> <u>Solem v. Helm</u>, 463 U.S. 277, 288 (1983)). Indeed, this punishment was negotiated by the Plaintiff's attorney, and the Recorders Court simply incorporated the terms of the plea agreement into its sentencing order. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1983 Eighth Amendment claims.

C.  <u>Equal Protection</u>

The Plaintiff says that his equal protection rights were violated because his liquor store was "singled out, targeted, harassed, and forced to close down." (Compl.

¶ 30.) But there is no evidence in the record to support the Plaintiff's allegations. The Plaintiff has done nothing more than allege that he was singled out. The Plaintiff has not, for example, provided any evidence of how similarly situated businesses were treated. See, e.g., Smith & Lee Assocs. v. City of Taylor, 13 F.3d 920, 927 (6th Cir. 1993). Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1983 equal protection claims.

### D. Contributory Negligence

The Plaintiff says that the Defendants are liable for contributory negligence because they granted his applications for permits and licenses, allowed him to operate from 2004 to 2007, and induced him to make substantial investments, even though the Rockbridge Package Store was allegedly in violation of DeKalb County Code. But contributory negligence is not a claim for relief. It is an affirmative defense to be used against claims for relief. See Fed. R. Civ. P. 8(c)(1); O.C.G.A. § 51-11-7 ("If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."). The Court considered whether the Plaintiff's allegations support some other claim for relief, such as a regulatory taking or a due process violation, but it appears that they do not. "[The] cases show that a permit issued for either an illegal use or an illegal nonconforming use is void; it cannot be used as an excuse to continue the use in violation of a zoning

ordinance, and it does not vest constitutional rights." Corey Outdoor Adver., Inc. v. Board of Zoning Adjustments of Atlanta, 254 Ga. 221, 227 (1985); see also Maguire v. Reardon, 255 U.S. 271, 272-73 (1921); Remus Joint Venture v. McAnally, No. 95-70343-DT, 1995 U.S. Dist. LEXIS 21597, at *24 (E.D. Mich. Oct. 13, 1995); Fass v. Highland Park, 326 Mich. 19, 31 (1949). Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1983 contributory negligence claims.

E. Defamation

The Plaintiff says that the Defendants are liable for defamation because Ellis wrote a letter to the Finance Department that made false and incriminating statements about the Plaintiff. But the evidence in the record is that Ellis's statements were true. In the letter, Ellis stated that "I am requesting that [Kenneth Glover's] application for license be denied based on a previous pattern of disregard and past noncompliance to DeKalb Zoning requirements." (Compl., Ex. 6.) This statement was true. The Plaintiff did, in fact, receive twelve citations for violations of the DeKalb County Code. (Compl. ¶ 20.) And twelve citations are enough to show a pattern of disregard and past noncompliance to DeKalb Zoning requirements. Ellis also stated that "[i]n the past year, my office has received numerous complaints from the Mountain Oaks Homeowners Association and the Rockbridge Deshon Coalition against Mr. Glover." (Compl., Ex. 6.) This statement was also true. The Plaintiff was at a meeting where

the Mountain Oaks Homeowners Association demanded that the Rockbridge Package Store be closed down. (Compl. ¶ 18.) Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1983 defamation claims.

F. Conspiracy

The Plaintiff says that the Defendants are liable for conspiracy because they "met and periodically discussed issues relating to disapproval of the [P]laintiff's place of business without his input," "insisted vigorously that the [P]laintiff's liquor store be closed down," and "discussed the possible purchase of the [P]laintiff's property." (Compl. ¶ 37.) But a conspiracy is "the agreement to commit an unlawful act," and nothing the Defendants discussed doing was unlawful. Iannelli v. United States, 420 U.S. 770, 777 (1975). Moreover, to assert a claim for conspiracy under section 1985(3), the Plaintiff must also show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). There is no evidence in the record of such animus. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's section 1985 conspiracy claims.

IV. Conclusion

For the reasons set forth above, the Plaintiff's Motion to Amend Preliminary Report [Doc. 37] and Motion for Summary Judgment [Doc. 40] are DENIED, and the Defendants' Motion for Summary Judgment [Doc. 41] is GRANTED.

SO ORDERED, this 6 day of August, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge